# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

THE BANK OF SANTA FE, a New Mexico banking corporation, Trustee of the Walter L. Goodwin, Jr. Trust in the name of Ban San Co., a partnership, nominee,

        Plaintiff,

v.                                                                                            No. CIV 98-4 BB/JHG

MARCY PLAZA ASSOCIATES, a New Mexico general partnership,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's *Motion to Remand* [Doc. #5], and the Court having reviewed the record and considered the briefs and submissions of counsel, FINDS the motion is well taken and should be Granted.

## Discussion

### I. Facts

Plaintiff filed its complaint seeking declaratory judgment in the New Mexico state court on November 6, 1997. The next day counsel for the Plaintiff transmitted a file-stamped copy of the complaint to the Chappell Law Firm. On

November 21, 1997, counsel for the Plaintiff was advised the Chappell Law Firm had no authority to accept service or represent the named Defendant. On December 3, 1997, Plaintiff served Stuart C. Sherman whom it alleged to be a general partner in the Defendant, an allegation Defendant denies. On December 5, the Chappell Law Firm, on behalf of Defendant, demanded arbitration and named an arbitrator. The removal petition was filed January 5, 1998, indicating the Plaintiff "claims in excess of $50,000."

## II.  Jurisdictional Amount

A federal court's removal jurisdiction is statutory in nature and is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Any doubts are to be resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Defense counsel admits the petition "mistakenly recited the prior jurisdictional limit of $50,000 rather than $75,000 as required in 28 U.S.C. § 1332(A)."[1] Resp. Mot. Remand at 1. Now, however, Defendant asserts more than $75,000 is at issue and seeks to interlineate the correct jurisdictional amount. On cases instituted in state court and removed to federal court, there is

---

[1] The statute was amended to increase the jurisdictional limit from $50,000 to $75,000 effective January 17, 1997, well before the present action was commenced.

a "strong presumption" that the plaintiff has not claimed a dollar amount sufficient to satisfy the federal jurisdictional limit. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also* 16 MOORE'S FEDERAL PRACTICE § 107.14[2][g][I] (1997). The amount in controversy must be determined from an examination of the complaint at the time it was filed. *Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (D. Kan. 1997). Since the instant complaint does not reference a specific dollar amount, the Court must rely on the removal petition. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604 (10th Cir. 1940); *Kennard v. Harris Corp.*, 728 F. Supp. 453 (E.D. Mich. 1989). When the removal asserts an insufficient amount, it is defective and the case should be remanded. *Laughlin v. Kmart*, 50 F.3d 871 (10th Cir. 1995); *Herber v. Wal-Mart Stores, Inc.*, 886 F. Supp. 19 (D. Wyo. 1995); *Denton v. Wal-Mart Stores, Inc.*, 733 F. Supp. 340 (M.D. Fla. 1990).

### III. Timeliness of Petition

Plaintiff also alleges that since defense counsel actually received a copy of the state court complaint by mail dated November 7, 1997, and since the petition for removal was not filed until January 5, 1998, the case was not timely removed. Defendant argues that the earliest date of effective service was December 3, 1997, when Mr. Sherman was served. Since this Court was closed for the New Year's

holiday until January 5, 1998, Defendant maintains its petition, filed on that date, is timely. Since defense counsel actually had the complaint in November, Defendant would appear to have a somewhat tenuous position on this issue.[2] However, the Court need not resolve it based on the failure of the petition to properly allege a jurisdictional amount.

## IV.  Costs and Attorney's Fees

The award of attorney's fees is discretionary. *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324-25 (10th Cir. 1994). When removal is defeated based on a technical mistake in the petition, attorney's fees and costs are not generally appropriate. *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86 (N.D. Ill. 1996); *cf. Farm Bureau Mut. Ins. Co. v. Eighmy*, 849 F. Supp. 40, 43 (D. Kan. 1994) (costs not appropriate if removal attempted in good faith).

## O R D E R

The Plaintiff's motion is **GRANTED**, and this case is remanded to the New Mexico District Court for the First Judicial District.

---

[2] *See Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996); *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994); *Rothwell v. Durbin*, 872 F. Supp. 880 (D. Kan. 1994).

Dated at Albuquerque this 5th day of March, 1998.

                                                                                                 BRUCE D. BLACK
                                                                                                 United States District Judge

Counsel for Plaintiffs:

    James E. Snead, James G. Whitley, Jones, Snead, Wertheim, Wentworth & Jaramillo, Santa Fe, NM

Counsel for Defendants:

    Bill Chappell, Jr., Frances C. Bassett, Chappell Law Firm, Albuquerque, NM